■ Dionysus Kekis, Appellant, v Park Slope Emergency Physician Service, P. C., et al., Respondents. [664 NYS2d 609] —In an action to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Bellard, J.), dated March 8, 1995, which denied his motions to (a) depose nonparty witness Joseph D'Allessio upon an open commission pursuant to CPLR 3108 and (b) extend the plaintiff's time to file a note of issue, and (2), as limited by his brief, from so much of an order of the same court, dated September 11, 1996, as, upon reargument, adhered to its original determination and denied his motion to vacate an alleged decision of the same court, dated December 8, 1994.

Ordered that the appeal from the order dated March 8, 1995, is dismissed, as that order was superseded by the order dated September 11, 1996, made upon reargument; and it is further,

Ordered that the appeal from so much of the order dated September 11, 1996, as denied the plaintiff's motion to vacate the alleged decision is dismissed, as no appeal lies from that portion of the order (see, Matter of Neiman v Backer, 167 AD2d 403; Behrens v Behrens, 143 AD2d 617); and it is further,

Ordered that the order dated September 11, 1996, is reversed insofar as reviewed, the order dated March 8, 1995, is vacated, and the plaintiff's motions to depose nonparty witness Joseph

D'Allessio and to extend the time to serve a note of issue are granted, and the matter is remitted to the Supreme Court, Kings County, for the purpose of issuing an open commission to a person before whom depositions may be taken in accordance with CPLR 3113 (a) (2); and it is further,

Ordered that the plaintiff is awarded two bills of costs.

The emergency room record dated May 16, 1988, relating to the treatment of the plaintiff which gives rise to this action lists the physician as Joseph D'Allessio, who apparently was a medical student at the time. Inasmuch as the disclosure sought by the plaintiff was "evidence material and necessary" for the prosecution of his action (CPLR 3101 [a]; *see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406, 407; *Stanzione v Consumer Bldrs.,* 149 AD2d 682) and D'Allessio presently resides outside New York, the plaintiff's application to depose D'Allessio upon an open commission pursuant to CPLR 3108 was appropriate and should have been granted by the court (*see, Stanzione v Consumer Bldrs., supra,* at 682).

We further conclude that under these circumstances, the court improvidently exercised its discretion in denying the plaintiff's application for an extension of time within which to file a note of issue (*see,* CPLR 2004). The plaintiff's inability to depose D'Allessio and thus to timely file a note of issue was attributable to forces beyond his control.

Finally, although the plaintiff also challenges the propriety of the court's alleged dismissal of the action, there is no indication in the record that a written order or judgment dismissing the action was ever issued. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.