■ FRANK GILROY et al., Appellants, v EUCHARIA McCARTHY et al., Respondents. [678 NYS2d 644] —In an action, *inter alia,* to recover damages for medical malpractice and wrongful death, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 22, 1997, as granted the defendants' respective motions for leave to conduct further depositions of the plaintiff Frank Gilroy and nonparty witness Peggy Gilroy, and authorizations for the medical records of the decedent's siblings and for other family records made available to doctors during the course of a genetic survey.

Ordered that on the Court's own motion, the appellants' notice of appeal from so much of the order as granted the defendants' respective motions for leave to conduct further depositions of the plaintiff Frank Gilroy and nonparty witness Peggy Gilroy is treated as an application for leave to appeal from that part of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contention, the Supreme Court

properly determined that the physician-patient privilege was waived by the responses of the plaintiffs and nonparty witness, the decedent's mother, made at an examination before trial, relating to the family medical history (*see, Herbst v Bruhn,* 106 AD2d 546), and by their disclosure of the family's medical history to various physicians in the treatment of the decedent after his birth (*see, Yetman v St. Charles Hosp.,* 112 AD2d 297).

Upon finding that the plaintiffs and nonparty witness were directed by their attorney not to answer certain questions concerning "mere facts and incidents of [the] medical histor[ies]" (*Williams v Roosevelt Hosp.,* 66 NY2d 391, 396), of the decedent's siblings, the Supreme Court correctly directed the plaintiffs and nonparty witness to appear for further depositions to answer questions previously objected to (*see, Williams v Roosevelt Hosp., supra; Bolos v Staten Is. Hosp.,* 217 AD2d 643, 644).

Finally, the defendants successfully demonstrated that the information sought was material and necessary to their defense of the action (*see, Kekis v Park Slope Emergency Physician Serv.,* 244 AD2d 463), and that the information could not be obtained from another source (*see,* CPLR 3101 [a] [4]; *Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333). Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.