■ VALERIE RITTER et al., Respondents, v GOOD SAMARITAN HOSPITAL et al., Appellants. [783 NYS2d 87]—

In an action to recover damages for medical malpractice, etc., the defendants Tallman OB/GYN, P.C., Henry Z. Bareket, and Patricia Pollio appeal, and the defendant Good Samaritan Hospital separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), entered November 7, 2003, as denied those branches of their separate motions which were to compel disclosure of the medical records of the plaintiff Valerie Ritter regarding her care and treatment for seizures before the subject pregnancy.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, those branches of the appellants' separate motions which were to compel disclosure of the medical records of the plaintiff Valerie Ritter regarding her care and treatment for seizures before the subject pregnancy are granted and the plaintiff Valerie Ritter shall provide the defendants with authorizations for the subject medical records within 10 days after service upon her of a copy of this decision and order.

Contrary to the conclusion of the Supreme Court, the plaintiff Valerie Ritter (hereinafter the plaintiff) affirmatively waived the physician/patient privilege (see CPLR 4504 [a]) with respect to her care and treatment for seizures before the subject pregnancy by responding to deposition questions regarding that issue and her family medical history (see Gilroy v McCarthy, 254 AD2d 325, 326 [1998]; De Silva v Rosenberg, 129 AD2d 609, 611 [1987]; Herbst v Bruhn, 106 AD2d 546, 548-549 [1984]) and by

voluntarily disclosing her history of seizures to various medical personnel for the purpose of aiding in the infant plaintiff's treatment (*see Gilroy v McCarthy, supra; Yetman v St. Charles Hosp.*, 112 AD2d 297, 298 [1985]). Moreover, the plaintiff waived the physician/patient privilege when she failed to object to the defendants' initial demand for authorizations for the release of her hospital records, but rather executed authorizations which were then forwarded to the defense counsel (*see Hughson v St. Francis Hosp. of Port Jervis*, 93 AD2d 491, 500 [1983]; *cf. Sibley v Hayes 73 Corp.*, 126 AD2d 629, 630). The plaintiff's subsequent objection to the demand after being advised that her records were no longer maintained at the hospital, but were in storage, was unavailing. The affirmation of the expert physician of the defendants Tallman OB/GYN, P.C., Henry Z. Bareket, and Patricia Pollio averring, inter alia, that the etiology of the infant plaintiff's seizure condition remains unknown, adequately demonstrated the relevance of the information requested (*see Yetman v St. Charles Hosp., supra* at 299; *cf. Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 73 [1992]; *Herbst v Bruhn, supra* at 549). The plaintiff therefore was required to provide the defendants with authorizations for the release of her medical records regarding her care and treatment for seizures before the subject pregnancy. S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.