■ IRMA N. PALMA, Also Known as IRMA PALMA RAMIREZ, Appellant, v ROBERT M. HARNICK et al., Respondents. [817 NYS2d 640]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty III, J.), dated August 31, 2005, which denied her motion to compel the defendants to comply with that portion of her demand which sought ophthalmological records of the defendant Julie M. Harnick for a two-year period preceding the accident.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff was injured when she was struck by a vehicle operated by the defendant Julie M. Harnick (hereinafter Harnick). At her examination before trial, Harnick admitted that she has limited vision in her right eye and that she was not wearing any corrective lenses at the time of the accident. After the defendants refused to comply with the plaintiff's demand for an authorization to allow her to obtain Harnick's ophthalmological records for a two-year period prior to the accident, the plaintiff moved to compel the defendants to comply with the demand alleging that Harnick had waived her physician-patient privilege with respect to these records. In opposition, the

defendants contended that Harnick's physical condition was not in controversy and, in any event, that she had not waived her physician-patient privilege with respect to the records.

The plaintiff sufficiently met her initial burden of proving that Harnick's eye condition is in controversy through Harnick's own testimony at her examination before trial that she had limited vision in her right eye (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Koump v Smith*, 25 NY2d 287, 294 [1969]; *Neferis v DeStefano*, 265 AD2d 464 [1999]; *Klein v Levin*, 242 AD2d 682 [1997]; *Constantine v Diello*, 24 AD2d 821 [1965]). Thus, the burden shifted to the defendants to show that the information sought by the plaintiff was privileged (*see Dillenbeck v Hess, supra* at 287; *Neferis v DeStefano, supra* at 465).

A waiver of the physician-patient privilege occurs when "the patient personally, or through his witnesses, either lay or medical, introduces testimony or documents concerning privileged information . . . It also results from failure to object to disclosure of privileged information" (*Hughson v St. Francis Hosp. of Port Jervis*, 93 AD2d 491, 500 [1983]; *see Riccardi v Tampax, Inc.*, 113 AD2d 880, 881 [1985]). By testifying to the physical condition in her right eye without objection, Harnick waived her right to assert the physician-patient privilege with respect to medical records concerning that condition (*see Ritter v Good Samaritan Hosp.*, 11 AD3d 667 [2004]; *Neferis v DeStefano, supra; Gilroy v McCarthy*, 254 AD2d 325 [1998]; *De Silva v Rosenberg*, 129 AD2d 609, 611 [1987]). Accordingly, the plaintiff's motion should have been granted. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.