■ CAROLYN F. MCNEILL, by Her Parent and Natural Guardian, CORA MCNEILL, et al., Respondents, v TOWN OF ISLIP, Defendant, and COUNTY OF SUFFOLK, Appellant. [977 NYS2d 892]—

In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated July 31, 2012, which denied its motion to compel the plaintiffs to provide duly executed authorizations to secure certain medical records of the nonparty Cheryl McNeill, the sister of the plaintiff Carolyn F. McNeill.

Ordered that the order is affirmed, with costs.

The defendant County of Suffolk moved, by order to show cause, to compel the plaintiffs to provide duly executed

authorizations to secure certain medical records of Cheryl Mc-Neill, a nonparty, who is the sister of the plaintiff Carolyn F. McNeill. Service of the order to show cause was made in compliance with the requirements imposed by the court (Whelan, J.). In opposition to the County's motion, Cheryl McNeill asserted, in an affidavit, that the records sought were privileged. She did not, however, contend that she received inadequate notice of the County's motion. The Supreme Court denied the motion solely on the ground that notice was deficient under CPLR 3101 (a) (4).

Cheryl McNeill waived any objection to the adequacy of notice by failing to assert that ground in opposition to the County's motion (*see Benson Park Assoc. LLC v Herman*, 93 AD3d 609, 609 [2012]; *cf. Kooper v Kooper*, 74 AD3d 6, 13-14 [2010]; *Yihye v Blumenberg*, 260 AD2d 371, 371-372 [1999]; *People ex rel. Golden v Golden*, 57 AD2d 807, 807 [1977]). Accordingly, the Supreme Court should not have sua sponte raised the issue of notice and denied the motion on the ground of inadequate notice (*cf. Dupps v Betancourt*, 99 AD3d 855, 856 [2012]; *Matter of Mandala v Jablonsky*, 242 AD2d 271, 272 [1997]).

Nonetheless, we affirm the order appealed from because the County was not entitled to disclosure of the records it sought. Cheryl McNeill was not a party to the action, her records were subject to the physician-patient privilege, and she expressly declined to waive that privilege (*see* CPLR 4504 [a]; *Roman v Turner Colours*, 255 AD2d 571, 572 [1998]; *Muniz v Preferred Assoc.*, 189 AD2d 738, 738 [1993]; *Wepy v Shen*, 175 AD2d 124, 124-125 [1991]; *Baldwin v Franklin Gen. Hosp.*, 151 AD2d 532, 533 [1989]; *Dalley v LaGuardia Hosp.*, 130 AD2d 543, 544 [1987]; *cf. Scipio v Upsell*, 1 AD3d 500, 500 [2003]).

The parties' remaining contentions need not be addressed in light of our determination, are without merit, or are not properly before this Court. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.