■ KIZIA KNOWLES et al., Appellants, v SAINT JOSEPH'S MEDICAL CENTER et al., Respondents. [980 NYS2d 530]—

In an action to recover damages for medical malpractice, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 29, 2012, as denied their motion for a protective order with respect to the production of medical records pertaining to the obstetrical and gynecological history of the plaintiff Kizia Knowles outside of the period of time covered by the subject pregnancy, and (2) from an order of the same court dated October 10, 2012, which denied their motion for leave to renew and reargue their motion for a protective order.

Ordered that the appeal from so much of the order dated October 10, 2012, as denied that branch the plaintiffs' motion which was for leave to reargue their motion for a protective order is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 29, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated October 10, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant Empress Ambulance Service, Inc., and the defendant Montefiore Medical Center.

The Supreme Court properly denied the plaintiffs' motion for a protective order relating to the disclosure of medical records outside the period of time covered by the subject pregnancy. The plaintiff Kizia Knowles waived her physician-patient privilege (*see* CPLR 4504 [a]) when, without asserting the privilege, she answered certain questions at a hearing conducted pursuant General Municipal Law § 50-h and when she voluntarily provided certain information to medical personnel (*see Ritter v Good Samaritan Hosp.*, 11 AD3d 667 [2004]; *De Silva v Rosenberg*, 129 AD2d 609 [1987]; *cf. Roman v Turner Colours*, 255 AD2d 571 [1998]). Contrary to the plaintiffs' contention, the information revealed by the plaintiff Kizia Knowles did not constitute mere "facts and incidents" of her medical history, but was privileged material (*see Williams v Roosevelt Hosp.*, 66 NY2d 391 [1985]; *cf. Roman v Turner Colours*, 255 AD2d 571 [1998]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.