In a claim to recover damages for personal injuries, etc., the claimants appeal, as limited by their brief, from so much of an *822 order of the Court of Claims (Soto, J.), dated January 22, 2013, as (a) denied that branch of their cross motion which was to modify a prior order of the same court dated January 19, 2012, so as to compel the defendant to produce unredacted copies of certain medical records, (b), sua sponte, sealed unredacted medical records to the extent they were submitted as an exhibit to certain motion papers, and (c), in effect, granted the application of nonparty Institute for Community Living, Inc., to prevent disclosure of a postincident investigation report on the ground that it is privileged under the Education Law.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, sua sponte, sealed unredacted medical records to the extent that they were attached as an exhibit to certain motion papers, and, in effect, granted the application of nonparty Institute for Community Living, Inc., to prevent disclosure of a postincident investigation report on the ground that it is privileged under the Education Law is deemed an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from, with one bill of costs.
Contrary to the claimants’ contention, the court properly shielded from disclosure a postincident investigation report prepared by nonparty Institute for Community Living, Inc. (hereinafter ICL), as ICL met its burden of demonstrating that the report was prepared in accordance with Education Law § 6527 (3) and Mental Hygiene Law § 29.29 (see Katherine F. v State of New York, 94 NY2d 200 [1999]; Daly v Brunswick Nursing Home, Inc., 95 AD3d 1262, 1263 [2012]; Szmania v State of New York, 82 AD3d 1688, 1689 [2011]).
There is no merit to the claimants’ contention that the defendant should be compelled to produce unredacted copies of a certain witness’s medical records. The witness is not a party to the action, his records were subject to the physician-patient privilege, and he expressly declined to waive that privilege (see McNeill v Town of Islip, 112 AD3d 587, 588 [2013]; cf. Gilroy v McCarthy, 254 AD2d 325, 325-326 [1998]).
Finally, contrary to the claimants’ contention, the court did not, pursuant to CPLR 3103, seal the unredacted medical records produced by ICL. Rather, the court, sua sponte, sealed the records to the extent they were submitted as an exhibit to the claimants’ motion papers.
Skelos, J.P, Leventhal, Chambers and Maltese, JJ., concur.