■ AALIYAH S. WASHINGTON et al., Respondents, v ALPHA-K FAMILY MEDICAL PRACTICE, P.C., et al., Appellants, et al., Defendants. [6 NYS3d 501]—

In an action, inter alia, to recover damages for medical malpractice, the defendants Alpha-K Family Medical Practice, P.C. and Emmanuel O. Fashakin appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated July 29, 2013, as denied that branch of their motion which was to compel the plaintiffs to disclose certain medical records.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was to compel the production of a nonparty sibling's medical records. Even when the party seeking disclosure has demonstrated that such disclosure is material and necessary in the prosecution or defense of an action (*see* CPLR 3101 [a] [1]), discovery may still be precluded where, as here, the requested information is privileged and thus exempted from disclosure pursuant to CPLR 3101 (b) (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Farkas v Orange Regional Med. Ctr.*, 97 AD3d 720, 721 [2012]; *Paliouras v Donohue*, 89 AD3d 1070, 1071 [2011]). "Once the privilege is validly asserted, it must be recognized and the sought-after information may not be disclosed unless it is demonstrated that the privilege has been waived" (*Dillenbeck v Hess*, 73 NY2d at 287).

Contrary to the appellants' contention, under the circumstances of this case, it cannot be said that the mother waived the nonparty sibling's physician-patient privilege (*see Roman v Turner Colours*, 255 AD2d 571 [1998]; *cf. Knowles v Saint Joseph's Med. Ctr.*, 114 AD3d 730, 731 [2014]; *Ritter v Good Samaritan Hosp.*, 11 AD3d 667 [2004]; *Scharlack v Richmond Mem. Hosp.*, 102 AD2d 886 [1984]). The testimony adduced at the deposition of the infant plaintiffs' mother concerned mere facts and incidents of the nonparty sibling's medical history, not privileged communications (*see Williams v Roosevelt Hosp.*, 66 NY2d 391 [1985]). Moreover, the mother explicitly stated that she was exercising the physician-patient privilege with respect to the records sought by the appellants, and subsequently objected to the demand for authorizations. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.