JAMES REDMOND, Appellant, v BRYAN T. HANYPSIAK, M.D., et al., Defendants, and PAUL NATALONI, M.D., et al., Respondents. [61 NYS3d 134]—

In a consolidated action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 14, 2015, as, in effect, denied those branches of his motion which were to compel the defendants Paul Nataloni, Peconic Anesthesiologists, P.C., and Peconic Bay Medical Center to produce any contracts and agreements for anesthesia services between the defendant Peconic Bay Medical Center and nonparty Roy Ward, in his individual capacity only, and to compel the defendant Peconic Bay Medical Center to produce a witness with knowledge regarding the subject contract, and granted those branches of the separate cross motions of the defendants Paul Nataloni and Peconic Anesthesiologists, P.C., and the defendant Peconic Bay Medical Center which were for a protective order with respect to those discovery demands.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, those branches of the plaintiff's motion which were to compel the defendants Paul Nataloni, Peconic Anesthesiologists, P.C., and Peconic Bay Medical Center to produce any contracts and agreements for anesthesia services between the defendant Peconic Bay Medical Center and nonparty Roy Ward, in his individual capacity only, and to compel the defendant Peconic Bay Medical Center to produce a witness with knowledge regarding the subject contract are granted, and those branches of the separate cross motions of the defendants Paul Nataloni and Peconic Anesthesiologists, P.C., and the defendant Peconic Bay Medical Center which were for a protective order with respect to those discovery demands are denied.

The plaintiff commenced this action to recover damages for medical malpractice alleging, inter alia, that as a result of the

defendants' negligence in failing to ensure appropriate anesthesia prophylaxis in connection with an operative procedure performed on him at the defendant Peconic Bay Medical Center (hereinafter the Medical Center), he sustained severe injuries and complications. The defendant Paul Nataloni was the anesthesiologist during the plaintiff's surgery. At the time of the plaintiff's surgery, Nataloni was employed by the defendant Peconic Anesthesiologists, P.C. (hereinafter the PC), and nonparty Roy Ward was the president and sole shareholder of the PC, and the Director of Anesthesia Services at the Medical Center. The plaintiff moved to compel Nataloni, the PC, and the Medical Center to comply with certain discovery demands. Thereafter, Nataloni and the PC, and the Medical Center separately cross-moved for a protective order. The Supreme Court, in effect, denied those branches of the plaintiff's motion which were to compel (1) the production of any agreements or contracts between the Medical Center and the PC, (2) the production of any contracts and agreements for anesthesia services between the Medical Center and nonparty Ward, in his individual capacity only, and (3) the Medical Center to produce a witness with knowledge of the contract between it and Ward, and granted those branches of the separate cross motions which were for a protective order with respect to those discovery demands. The plaintiff appeals.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The words "material and necessary" must " 'be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 746 [2000]; *D'Alessandro v Nassau Health Care Corp.*, 137 AD3d 1195, 1196 [2016]).

Here, at his deposition, Ward testified that he was president of the PC as well as the Director of Anesthesia Services at the Medical Center. Ward further testified that there was an agreement that was executed by the Medical Center and by him in his individual capacity only, concerning, in effect, the establishment and terms of the existence of what would become the PC (hereinafter the contract). As such, and despite the fact that it was executed by Ward in his individual capacity only, the contract may provide material evidence on the issue of the Medical Center's relationship to or control over the PC. Thus,

the disclosure sought by the plaintiff, i.e., the production of the contract by Nataloni, the PC, and the Medical Center, and a knowledgeable witness from the Medical Center regarding the contract, was "[evidence] material and necessary" for the prosecution of his action (CPLR 3101 [a]; see Kekis v Park Slope Emergency Physician Serv., 244 AD2d 463, 464 [1997]). Accordingly, the Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were to compel Nataloni, the PC, and the Medical Center to produce any contracts and agreements for anesthesia services between the Medical Center and Ward, in his individual capacity only, and to compel the Medical Center to produce a witness with knowledge regarding the subject contract. The court likewise improvidently exercised its discretion in granting those branches of the separate cross motions which were for a protective order with respect to those discovery demands. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.