Mullen v Steven G. Wishner (2019 NY Slip Op 04180)





Mullen v Steven G. Wishner


2019 NY Slip Op 04180


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05018
 (Index No. 28687/08)

[*1]Allison Mullen, respondent,
v
Steven G. Wishner, et al., appellants.


Gabriele & Marano, LLP, Garden City, NY (Lori Marano and Melissa Goldberg of counsel), for appellant Steven G. Wishner.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (David T. Verschell of counsel), for appellant Huntington Medical Group.
Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for negligent hiring, supervision, and retention, the defendants separately appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated April 12, 2016. The order denied the defendants' separate motions to obtain the medical records of a nonparty stored by the defendant Huntington Medical Group.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying those branches of the defendants' separate motions which were to direct the nonparty to execute authorizations permitting counsel for the defendants to obtain a copy of her medical records stored by the defendant Huntington Medical Group, and substituting therefor a provision granting those branches of the motions to the extent of directing the defendant Huntington Medical Group to produce those medical records for in camera inspection by the Supreme Court; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for an in camera inspection of the medical records of the nonparty stored by Huntington Medical Group to determine if any nonprivileged information is contained within the records, or parts thereof, that is relevant to the issue of whether Huntington Medical Group was on notice of the alleged improper conduct of the defendant Steven G. Wishner towards patients during his examination of them, and, if so, for the entry of an order directing that such nonprivileged information, if any, shall be produced to the defendants.
The plaintiff commenced this action against her physician, Steven G. Wishner, and his employer, Huntington Medical Group (hereinafter HMG), alleging that Wishner, inter alia, engaged in improper physical contact with the plaintiff during a physical examination. In an amended complaint, the plaintiff also alleged negligent hiring, training, supervision, and retention against HMG. Thereafter, the plaintiff moved for an order compelling the defendants to produce the name and the last known address of a nonparty listed in Wishner's employment records who had [*2]made claims against Wishner similar to those made by the plaintiff. The Supreme Court granted the motion, noting that the nonparty could assert the physician-patient privilege with respect to privileged information sought by the defendants. The defendants provided the plaintiff with the name of the former patient of Wishner (hereinafter the nonparty witness).
The plaintiff subsequently subpoenaed and thereafter deposed the nonparty witness, who testified to what she believed to be inappropriate conduct by Wishner during a medical examination that he performed on her. The nonparty witness declined to consent to the release of her medical records stored by HMG. The defendants subsequently made separate motions for an order declaring that the nonparty witness waived her physician-patient privilege and directing her to execute an authorization to allow the defendants to obtain her medical records stored by HMG, or precluding all evidence regarding the nonparty witness at trial. The plaintiff opposed the defendants' motions; the nonparty witness was given notice of the defendants' motions, but did not submit opposition. The Supreme Court denied the defendants' motions in their entirety, and the defendants separately appeal.
Although disclosure sought by a party that is relevant to the prosecution or defense of an action generally must be provided by a nonparty (see Matter of Kapon v Koch, 23 NY3d 32, 38), here, the medical condition of the nonparty witness is not in controversy (see Dillenbeck v Hess, 73 NY2d 278, 286-287). Likewise, her testimony is relevant solely as to whether HMG was on notice of Wishner's alleged improper conduct, which would support the plaintiff's negligent training, hiring, and retention causes of action. Thus, the defendants have not established that documents relating to the medical condition of the nonparty witness are relevant to the prosecution or defense of this matter and thereby discoverable (see Matter of Kapon v Koch, 23 NY3d at 38-39; see also Dillenbeck v Hess, 73 NY2d at 286-287).
Even if the defendants had demonstrated that the medical records of the nonparty witness were material and necessary to the action, "discovery still may be precluded if the requested information is privileged and thus exempted from discovery" (Dillenbeck v Hess, 73 NY2d at 287; see CPLR 3101[b]; Farkas v Orange Regional Med. Ctr., 97 AD3d 720, 721). The physician-patient privilege seeks to protect confidential communications relating to the nature of the treatment rendered and the diagnosis made (see Williams v Roosevelt Hosp., 66 NY2d 391, 396; Hughson v St. Francis Hosp. of Port Jervis, 93 AD2d 491, 499). The physician-patient privilege applies to information communicated by the patient while the physician attends the patient in a professional capacity, as well as information obtained from observation of the patient's appearance and symptoms (see Dillenbeck v Hess, 73 NY2d at 284; Hughson v St. Francis Hosp. of Port Jervis, 93 AD2d at 497). "The privilege applies at examinations before trial, and it covers both oral testimony and documents, such as hospital records, which presumably are drawn up in large part based on communications imparted by the patient to the treating physician" (Williams v Roosevelt Hosp., 66 NY2d at 396 [citations omitted]).
Here, the nonparty witness expressly declined to waive the physician-patient privilege as to her medical records, and her deposition testimony with respect to the facts of Wishner's alleged improper conduct during the subject physical examination and the facts and incidents of her medical history does not constitute privileged information (see id. at 396; Roman v Turner Colours, 255 AD2d 571, 572). Thus, the nonparty witness did not waive the physician-patient privilege as to her medical records (see Roman v Turner Colours, 255 AD2d at 572, Bolos v Staten Is. Hosp., 217 AD2d 643, 644).
The defendants' contention that the nonparty witness should be compelled to produce copies of all her medical records stored by HMG is therefore without merit (see Stephen v State of New York, 117 AD3d 821, 822). The nonparty witness is not a party to this action, she has not put in issue her physical condition, her medical records are subject to the physician-patient privilege, and she expressly declined to waive that privilege (see id. at 822; McNeill v Town of Islip, 112 AD3d 587, 588).
Notwithstanding the foregoing, privileged medical records may contain nonprivileged information that could be discoverable if relevant (see J.Z. v South Oaks Hosp., 67 AD3d 645, 645-646; Moore v St. John's Episcopal Hosp., 89 AD2d 618, 619). Thus, we remit this matter to the Supreme Court, Suffolk County, for an in camera inspection of the nonparty witness' medical records stored by HMG for a determination of whether such records, or any parts thereof, contain any nonprivileged information relevant to the issue of whether HMG was on notice of Wishner's alleged improper conduct toward patients during his examination of them and, if so, for the entry of an order directing that such nonprivileged information, if any, shall be produced to the defendants.
The defendants' remaining contentions are without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court