Asphalt Maintenance Servs. Corp. v Oneil (2019 NY Slip Op 05508)





Asphalt Maintenance Servs. Corp. v Oneil


2019 NY Slip Op 05508


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-03095
 (Index No. 59242/16)

[*1]Asphalt Maintenance Services Corp., et al., respondents, 
v
Henry G. Oneil, et al., appellants, et al., defendant.


Yitzhak Law Group, Great Neck, NY (Lavinia A. Acaru of counsel), for appellants.
Robert A. Siegel, New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, unfair competition, conversion, and tortious interference with business relations, the defendants Henry G. Oneil and Imperial Asphalt and Aggregate Distributor Incorporated appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 10, 2018. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were to compel the defendants Henry G. Oneil and Imperial Asphalt and Aggregate Distributor Incorporated to provide certain supplemental responses to discovery demands and to direct the defendant Henry G. Oneil to appear for a supplemental deposition, and denied those branches of the cross motion of the defendants Henry G. Oneil and Imperial Asphalt and Aggregate Distributor Incorporated which were for a protective order with respect to those demands and to compel the plaintiffs to produce a copy of their retainer agreement with counsel.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof granting those branches of the plaintiffs' motion which were to compel the defendants Henry G. Oneil and Imperial Asphalt and Aggregate Distributor Incorporated to provide a supplemental response to demand number three from the plaintiffs' third combined demands dated October 10, 2017, and to direct the defendant Henry G. Oneil to appear for a supplemental deposition, and substituting therefor provisions denying those branches of the plaintiffs' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Mark Reuss is the sole shareholder of the plaintiff Asphalt Maintenance Services Corp. (hereinafter AMS). In March or April of 2015, the defendant Henry G. Oneil informed Reuss that he would not be returning to his seasonal position with AMS. Oneil started his own business, the defendant Imperial Asphalt and Aggregate Distributor Incorporated (hereinafter Imperial Asphalt). In November 2015, Oneil and Imperial Asphalt commenced an action, inter alia, to recover damages for defamation and tortious interference with business relations against, among others, AMS and Reuss (hereinafter the related action). In June 2016, AMS and Reuss (hereinafter together the plaintiffs) commenced this action, inter alia, to recover damages for breach of fiduciary duty, unfair competition, conversion, and tortious interference with business relations against Oneil and Imperial Asphalt (hereinafter together the defendants) and another defendant. Although this [*2]action was not consolidated with the related action, the cases proceeded on a similar discovery track.
Following the completion of Oneil's deposition in the related action, the plaintiffs served upon the defendants in the context of this action their third combined demands for discovery, dated October 10, 2017. In their reply dated October 16, 2017, the defendants objected to many of the demands as irrelevant. Thereafter, the plaintiffs moved, inter alia, to compel the defendants to provide supplemental responses and to direct Oneil to appear for a supplemental deposition. The defendants cross-moved, inter alia, for a protective order with respect to those demands and an order compelling the plaintiffs to produce their retainer agreement with counsel. In the order appealed from, the Supreme Court granted those branches of the plaintiffs' motion which were to compel the defendants to provide supplemental responses and to direct Oneil to appear for a supplemental deposition, and denied those branches of the defendants' cross motion which were for a protective order and to compel the plaintiffs to produce their retainer agreement with counsel. Subsequent to the issuance of the order appealed from, the related action was settled.
"There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (CPLR 3101[a][1]). "The words, material and necessary,' are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see Forman v Henkin, 30 NY3d 656, 661; Cajamarca v Osatuk, 163 AD3d 619, 620; Montalvo v CVS Pharmacy, Inc., 81 AD3d 611, 612). However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548 [internal quotation marks omitted]; see Ramirez v New York City Tr. Auth., 132 AD3d 653, 654; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531). " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of discretion, its determination will not be disturbed'" (Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799, quoting Mattocks v White Motor Corp. 258 AD2d 628, 629; see Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 855-856; Gould v Decolator, 131 AD3d 445, 447).
Here, the Supreme Court providently exercised its discretion in determining that the discovery sought by the plaintiffs in demand numbers 1, 4, 5, 7, 8, 9, 10, 14, 15, and 16 would result in the disclosure of relevant evidence or was reasonably calculated to lead to the discovery of information bearing on the claims in the instant action (see Redmond v Hanypsiak, 153 AD3d 1374, 1375; D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196). Additionally, the defendants failed to demonstrate unreasonable annoyance, embarrassment, disadvantage or prejudice to warrant the issuance of a protective order with respect to demand number 8 (see Noy v Noy, 160 AD3d 887, 887-888; Cascardo v Cascardo, 136 AD3d 729, 729).
However, on appeal, the plaintiffs concede that the information sought in demand number 3 was only relevant to their defense in the related action. Moreover, the plaintiffs requested that Oneil be directed to appear for a supplemental deposition only with regard to issues raised in the related action. Since the related action has been settled, those branches of the plaintiffs' motion which were to compel the defendants to provide a supplemental response to demand number 3 and to direct Oneil to appear for a supplemental deposition should have been denied.
Finally, the defendants made no showing that the production of the plaintiffs' retainer agreement with counsel will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims (see State Farm Mut. Auto. Ins. Co. v RLC Med., P.C., 150 AD3d 1034, 1035; Pesce v Fernandez, 144 AD3d 653, 655).
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court