DeLeon v Nassau Health Care Corp. (2019 NY Slip Op 08989)





DeLeon v Nassau Health Care Corp.


2019 NY Slip Op 08989


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-04166 
2018-08915
 (Index No. 600839/16)

[*1]Erwin DeLeon, etc., et al., appellants,
v
Nassau Health Care Corporation, respondent.


The Lambrou Law Firm, P.C., New York, NY (Lambros Y. Lambrou of counsel), for appellants.
Albanese & Albanese LLP, Garden City, NY (Barry Oster of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered March 16, 2018, and (2) an order of the same court entered June 15, 2018. The order entered March 16, 2018, denied the plaintiffs' motion to compel discovery. The order entered June 15, 2018, denied the plaintiffs' motion for leave to reargue their motion to compel discovery.
ORDERED that the appeal from the order entered June 15, 2018, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 16, 2018, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to compel discovery of all incident reports related to the subject assault, and substituting therefor a provision granting that branch of the motion; as so modified, the order entered March 16, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Maria Solis, while a long-term resident at the A. Holly Patterson Extended Care Facility, was assaulted by another resident of the facility. The plaintiffs commenced this action against Nassau Health Care Corporation, the owner and operator of the facility, seeking to recover damages for personal injuries. The plaintiffs served a notice to produce dated July 19, 2016, requesting the assailant's admission chart and all incident reports related to the assault. The plaintiffs, maintaining that the defendant failed to respond to their request, then moved to compel the defendant to disclose all of the documents requested in the notice to produce. In opposing the motion, the defendant claimed that the requested information was privileged and thus, not subject to disclosure. In an order entered March 16, 2018, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
We agree with the Supreme Court's determination denying that branch of the [*2]plaintiffs' motion which sought disclosure of the assailant's admission chart. The assailant is not a party to the action, his medical records were subject to the physician-patient privilege, and he has not waived that privilege (see Stephen v State of New York, 117 AD3d 821; McNeill v Town of Islip, 112 AD3d 587).
However, the Supreme Court should have granted that branch of the plaintiffs' motion which sought disclosure of all incident reports related to the assault. Pursuant to Education Law § 6527(3), certain documents generated in connection with the "performance of a medical or a quality assurance review function," or which are "required by the Department of Health pursuant to Public Health Law § 2805-l," are generally not discoverable (Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 44; see Katherine F. v State of New York, 94 NY2d 200). The defendant, as the party seeking to invoke the privilege, has the burden of demonstrating that the documents sought were prepared in accordance with the relevant statutes (see Daly v Brunswick Nursing Home, Inc., 95 AD3d 1262, 1263; Marte v Brooklyn Hosp. Ctr., 9 AD3d at 46). Here, the defendant merely asserted that a privilege applied to the requested documents without making any showing as to why the privilege attached. Accordingly, the incident reports related to the assault were subject to disclosure.
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court