| |
|---|
| **Jordan v BBP St Owner, LLC** |
| 2024 NY Slip Op 30898(U) |
| March 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158867/2017 |
| Judge: Sabrina Kraus |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**

*Justice*

PART          **57M**

---------------------------------------------------------------------------X

CHRISTOPHER JORDAN,

                     Plaintiff,

                 - v -

BBP ST OWNER, LLC,QUICK PARK PCVST GARAGE
LLC,PRECISION TIME SYSTEMS, INC. D/B/A PRECISION
TECHNOLOGY SOLUTIONS, INC.,FAAC
INTERNATIONAL, INC.,

                     Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158867/2017 |
| MOTION DATE | 11/14/2023 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 237, 238, 239, 240,
241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261,
262, 264, 265, 266, 267, 268, 269, 270, 271, 273, 274, 275, 276, 278

were read on this motion to/for                 STRIKE PLEADINGS            .

## BACKGROUND

Plaintiff commenced this action seeking damages for personal injuries he suffered on

January 8, 2017, when he was struck in the head by a gate to a parking garage in Stuyvesant

Town.

## PENDING MOTION

On December 20, 2023, BPP ST OWNER, LLC and QUIK PARK PCVST GARAGE

LLC ("Movants") sought relief from the court pursuant to CPLR §§ 3126 and 3124 based on

Plaintiff's refusal to provide authorizations for a social worker and his school records dating

back to 2003.

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**
**Motion No.  008**

**Page 1 of 4**

1 of 4

On December 19, 2023, the motion was marked submitted and the court reserved decision.

The motion is granted to the extent set forth below.

## DISCUSSION

In 2003, Plaintiff applied for and received disability benefits in relation to a medical condition. Movants argue they need records dating back so far to compare the extent of Plaintiff's disability prior to the 2017 accident with the additional impairment he suffered as a result of the 2017 accident.

CPLR §3101(a) broadly mandates disclosure of all matter material and necessary in the prosecution or defense of an action. The term "material and necessary", as used in 3101(a), must be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." *Quinones v. 9 E. 69th St., LLC*, 132 AD 3d 750, 750 (2d Dept 2015).

### *JAMIE GREENFIELD, LCSW'S RECORDS*

Jamie Greenfield is a licensed clinical social worker who has treated Plaintiff since 2004.

Plaintiff provided Movants with an authorization to obtain Plaintiff's records from Social Security Disability. Contained within the file were typed records from Greenfield. Based upon these records, Movants sought an authorization to obtain the records from Greenfield, which Plaintiff provided. The authorization was for any records of Greenfield except psychotherapy notes.

After providing the authorization, Plaintiff asserts Greenfield indicated psychotherapy notes would be disclosed in response and Plaintiff revoked the authorization provided. Movants also assert that Plaintiff's counsel revoked the authorization because Plaintiff believed the

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**
**Motion No.  008**

**Page 2 of 4**

2 of 4

records would compromise Plaintiff's social relationships with individuals he talked about during his sessions with Greenfield. However, Movants correctly argue that such information will not be disclosed to the public or filed on NYSCEF, and as per prior motion practice in this case, this present Motion and all exhibits have been sealed.

The Court further agrees with Movants that Plaintiff waived the physician-patient privilege and any objections he had and acknowledged that the records were relevant and discoverable when the prior authorization was provided [*Ritter v Good Samaritan Hosp.*11 AD3d 667 (2nd Dept, 2004).

Based on the foregoing, the Court directs that Plaintiff provide a new authorization for Greenfield, which may contain the same exception for psychotherapy notes included in the original authorization, within 30 days from the date of this order.

### *DEFENDANTS ARE NOT ENTITLED TO PLAINTIFF'S SCHOOL RECORDS*

At the time of the subject accident, Plaintiff was fifty-three (53) years old, retired, and receiving social security disability due to diagnosis of a previous condition. Movants seek Plaintiff's school records which date back over forty (40) years. The same are not necessary, or reflective, to determine Plaintiff's premorbid condition.

Based on the foregoing the motion to compel the production of same is denied.

WHEREFORE it is hereby:

ORDERED that the motion is granted to the extent of compelling Plaintiff to provide a new authorization for Greenfield's records as set forth above; and it is further

ORDERED that all other relief requested has been considered and is denied; and it is further

ORDERED that counsel are directed to appear for the virtual status conference scheduled on June 24, 2024, at 10 AM; and it is further

ORDERED that, within 20 days from entry of this order, Movants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);].

20240319115938SBKRAUS8606E2D245FC4909877F6B8BE76309F6

3/19/2024
**DATE**

**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158867/2017   JORDAN, CHRISTOPHER vs. BBP STREET OWNER, LLC**
**Motion No.  008**

**Page 4 of 4**